IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VINCENT LEE WALKER,**

      **Plaintiff,**

      v.                                                                      CASE NO. 23-3158-JWL

**DOUGLAS COUNTY BOARD OF COMMISSIONERS,**

      **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff, Vincent Lee Walker, who at the time of filing was confined at the Douglas County Jail in Lawrence, Kansas ("DCJ"), brings this pro se 42 U.S.C. § 1983 action against the Douglas County Board of Commissioners. (Doc. 1.) Plaintiff claims that there was a delay in responding to his emergency call button two nights in a row in violation of the DCJ inmate handbook. *Id*. at 1, 4. Plaintiff seeks monetary damages, but does not seek injunctive relief. *Id*. at 5. Plaintiff attaches a grievance that states that the delays in responding to the call button occurred on June 23 and 24, 2023. (Doc. 1–1, at 9.)

The Court entered a Memorandum and Order (Doc. 2) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. Plaintiff filed a response (Doc. 3) arguing that there was not a "delay" in answer the call button, it was not answered at all for two nights in a row. Plaintiff does not dispute that the incidents occurred on June 23 and 24, 2023. His Complaint was filed on July 3, 2023. As stated in the Court's Memorandum and Order at Doc. 2, a prisoner must make specific, credible allegations of imminent danger of serious physical harm, and the harm must be imminent or

1

occurring at the time the complaint is filed, "allegations of past harm do not suffice." (Doc. 2, at 2) (citing *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished)). Plaintiff's response fails to show that he was in imminent danger of serious physical harm at the time he filed his Complaint.

The Court granted Plaintiff until August 1, 2023, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 2, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated August 3, 2023, in Kansas City, Kansas.**

                                         **S/ John W. Lungstrum**
                                         **JOHN W. LUNGSTRUM**
                                         **UNITED STATES DISTRICT JUDGE**